United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Martha Aleida Medina Limonta, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4434 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## NOTICE OF DEFICIENCY AND ORDER

Danilka Batista Hurtado filed this petition on behalf of Martha Aleida Medina Limonta, seeking a federal writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Martha Aleida Medina Limonta is currently detained by immigration officials at the Montgomery Processing Center. Doc. 1 at 1. The Court finds that Danilka Batista Hurtado has not shown that she meets the requirements to represent Martha Aleida Medina Limonta. Within seven days of the date this order is issued, Danilka Batista Hurtado shall file a motion to represent Martha Aleida Medina Limonta as next friend, or, alternatively, if Martha Aleida Medina Limonta intends to proceed on her own, she shall file an amended petition under her own signature.

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. This provision codifies the "next friend" doctrine, which authorizes a person to pursue an action on behalf of the person detained, but the detained individual remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149,

162–63 (1990).

However, a putative "next friend" must establish standing before a federal court can exercise jurisdiction over a petition filed by him. Standing only exists in limited circumstances, and it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To establish standing, the filer seeking "next friend" status must (i) provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—as to why the real party in interest cannot appear on his own behalf to prosecute the action; (ii) establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate;" and (iii) demonstrate "some significant relationship with the real party in interest." *Id.* at 163–64.

The first criterion is critical; if the petition "does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device," the court lacks jurisdiction to consider the petition. *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (*per curiam*). And for all three showings, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status." *Whitmore*, 495 U.S. at 164.

The Petition does not satisfy that burden. *See* Doc. 1. It merely provides that Danilka Batista Hurtado appears before this Court "for the purpose of requesting the issuance of a Writ of Habeas Corpus on behalf of [her] close friend, Martha Aleida Medina Limonta." *Id.* at 1. It does not explain why Martha Aleida Medina Limonta cannot represent herself, establish that Danilka Batista Hurtado is truly dedicated to Martha Aleida Medina Limonta's best interests, or demonstrate that Danilka Batista Hurtado has a significant relationship with Martha Aleida Medina Limonta.

2

The Court therefore ORDERS:

1. If Danilka Batista Hurtado seeks to pursue this petition on Martha Aleida Medina Limonta's behalf, she shall file a motion to proceed as next friend within seven (7) days of this order. The motion shall make a factual showing that she meets the criteria set forth above.

2. If Martha Aleida Medina Limonta intends to prosecute this action on her own, she shall file an amended petition under her own signature within seven (7) days of this order. The amended petition shall be filed under the same case number currently assigned to the Petition. If Martha Aleida Medina Limonta does not wish to pursue this action, she may dismiss it by filing a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).

Failure to comply fully within the time allotted above may result in the dismissal of this proceeding without further notice.

The Clerk of Court shall send a copy of this order to Danilka Batista Hurtado and Martha Aleida Medina Limonta.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 26th of June, 2026.

_____
Nicholas J. Ganjei
United States District Judge

3